## Rohrer *versus* Rohrer.

18　367
153　529
18　367
157　396

Under the Act of 11th March, 1842, relative to *fences*, the expense of a partition fence on adjoining improved lands belonging to two persons, is to be borne by them equally. But where a lane existed between the lands of A. and B., and A., claiming the lane as his land, removed the fence so as to *include* the lane, and B. placed his fence back so as to *exclude* the lane, and leave a lane on his own land, which was left open at each end, and was used by A. and such others as chose to do so : It was *held*, that A. could not recover from B. the one-half of the cost of the fence made by A. along the lane ; the lane was no longer improved land within the meaning of the Act, and fence viewers had no jurisdiction of the case.

ERROR to the Common Pleas of *Lancaster county*.

This was a suit depending in the Common Pleas on an appeal from the judgment of a justice of the peace. The suit was brought by Christian Rohrer against John Rohrer to recover $19.80 for making a division fence.

Christian and John Rohrer owned adjoining improved lands ; a lane had existed for above 24 years at one end of the farms occupied by them. Christian Rohrer claimed the lane as belonging to him, and John Rohrer removed his fence back so far as to leave a lane *on his own land*, and Christian placed a fence on the line of the old lane upon the place whence *John* Rohrer had removed the fence. Christian claimed that John was liable to make the one-half of the fence on the whole division line of their said lands, including the one-half of the cost of the fence placed by Christian on the line of the old lane ; and he had the fence viewers convened, who decided in his favor. John refusing to pay, suit was brought by Christian against John for $19.80, and costs.

On the trial it was proved that the lane left by John Rohrer was left open, and was used by the cattle and hogs of Christian Rohrer.

The third section of the Act of 11th March, 1842, relative to fences, provides that, "When any two persons shall improve lands adjacent to each other, or where any person shall enclose land adjoining to another's land already fenced in, so that any part of the first person's fence becomes the partition fence between them, in both these cases the charge of such division fence, so far as is enclosed on both sides, shall be equally borne and maintained by both parties."

The Court charged as follows :

" In the case of Painter *v.* Reese, 2 *Barr* 126, the Supreme Court decided the law to be, that in cases of partition fences, either party may choose to abandon the old partition fence and build a new one within his boundary and on his own land ; in which

[Rohrer *v*. Rohrer.]

case he is not bound to maintain the former fence. The facts of that case, I conceive to have been different from the case before us. There Painter declined contributing to the repair, but threw open the private lane to the public, and abandoned the old lane. Here the lane laid out by the defendant, appears from the testimony to have been made for his benefit. Where a man withdraws his partition fence from his neighbor, and builds one on his own land without joining his neighbor, he has a right to do so; but when it is done for the purpose of promoting his convenience, and for the purpose of creating a private lane, which is to be under his control, the decision before referred to does not apply; but the person making use of such fence, by reason of the lane, is bound to contribute to maintain such partition fence. Under the circumstances of this case, as detailed by the evidence, the Court direct judgment to be entered for the plaintiff according to the agreement of the parties."

Error was assigned to the direction to enter judgment for the plaintiff.

· *Ford*, for plaintiff in error.—The object intended to be effected by the Act of March 11, 1842, was to compel contribution from one neighbor in the enjoyment of a common advantage from the fence already erected, or about to be erected upon a division line. But it does not apply where a man builds his fence within his own boundaries and on his own land. For, if a man thinks proper he may build a fence within his own boundary and refuse to permit the owner of the adjoining land to join him, and thus compel his neighbor to make a fence to protect himself: 2 *Barr* 126, Painter *v.* Reece; *Id.* 488, Dysart *v.* Leeds.

*Franklin*, for defendant.—The lane made by John Rohrer, which he contended absolved him from the obligation to join in making the partition fence along it, is entirely *a private one*, leading from the public road to his tenant house: it is within his own dominion, and he may at any time remove, change, or close it at his pleasure. Suppose this suit determined in his favor, and he should then take away this lane; he would then have a partition fence made by his neighbor, to the expense of which he had not contributed. Has he not now the use of the partition fence? His lane is an improvement useful to himself, and not dedicated to public use. The case therefore comes directly within the provisions of the Act of 11th March, 1842 (*Purd.* p. 511), *Dunlop* 954, the third section of which directs that partition fences shall be maintained by both parties: and the 4th and 5th sections provide for the building of a new, or repairing of an old fence. He con-

[Rohrer *v.* Rohrer.]

tended that the auditors had jurisdiction of the subject-matter and of the parties.

The opinion of the Court was delivered, May 20, by

WOODWARD, J.—"When any two persons shall *improve* lands adjacent to each other; or where any person shall enclose any land adjoining to another's land already fenced in, so that any part of the first person's fence becomes the partition fence between them," are the two cases provided for in the Act of Assembly of 11th March, 1842, for regulating and maintaining line fences : *Dunlop* 954. In either of these cases, the expense of the partition fence is to be equally borne and maintained by both parties. But if one of the adjacent improvers abandon the division line, and set his fence in upon his own land, and throw out a lane to public use, which he has a perfect right to do (see Painter *v.* Reece, 2 *Barr* 126, and Dysart *v.* Leeds, 2 *Barr* 488), they no longer *improve adjacent* lands, and are not within the statutory remedy. Such is this case. John Rohrer having lost the use of a lane, long enjoyed between him and Christian Rohrer, by Christian's moving his fence over and appropriating the lane to himself, removed back upon his own land far enough to furnish another lane, and there built his fence. The lane thus produced is open to the public. It is open at both ends, and the proof is that Christian's cattle use it. It amounts to a dedication of it to the public use. It is no longer improved land, therefore, within the meaning of the Act of Assembly. Yet Christian claims that John should defray half the expense of building the fence on his, (Christian's) side, of this lane. As well might John insist that Christian should maintain half of *his* fence. This would bring them back to the true ground ; that each must maintain his own fence along the lane without calling on the other for help. The fence viewers had no jurisdiction of the case, and the judgment of the Court below, founded on their award, is reversed.